# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARK HOWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRINDR, LLC,<br><br>Defendant. | CASE NO. 15cv1337-GPC(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 36.] |
|---|---|

Before the Court is Defendant Grindr, LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. No. 36.) Plaintiff filed an opposition. (Dkt. No. 38.) Defendant filed a reply. (Dkt. No. 39.) After a review of the second amended complaint, the briefs and the applicable legal standard, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.

## Background

Plaintiff Mark Howell ("Plaintiff") filed the operative second amended complaint ("SAC") alleging a putative class action against Defendant Grindr, LLC ("Defendant") for violations of California's Dating Service Contracts Act ("DSCA"), Cal. Civ. Code sections 1694 *et seq*.; California's Unfair Competition Law, Cal. Bus. & Prof. Code sections 17200 *et seq*. ("UCL") and California Business & Professions Code sections 17535 *et seq*. ("FAL")  (Dkt. No. 33, SAC.)

Starting in 2009, Defendant launched Grindr, the largest and most popular all-male location based social network. (Id. ¶ 12.) Plaintiff alleges that according to Defendant's website, http://grindr.com/learn-more, more than five million men in 192 countries use Grindr. (Id.) Beginning in 2013, Plaintiff paid $11.99 per month to join Grindr Xtra, Defendant's premium service. (Id. ¶ 16.) When joining Grindr Xtra, consumers are required to enter their names, telephone numbers, addresses and statistics into Defendant's system. (Id. ¶ 17.) In addition, consumers will also upload photographs and/or videos onto Defendant's system. (Id.) At the time Plaintiff joined Defendant's online dating service,[1] Defendant's contract with California consumers failed to include a three day cancellation provision as required by California Civil Code section 1694.2(b). (Id. ¶¶ 18, 19.) In addition, Defendant's contract also failed to include the name and address of the dating service operator to which the notice of cancellation was to be mailed in violation of California Civil Code section 1694.2(c). (Id. ¶ 20.) If a dating service contract is not in compliance with California Civil Code section 1694 *et seq.*, the buyer may, at any time, cancel the contract. Cal. Civ. Code § 1694.2(e). (Id. ¶ 21.)

At the time Plaintiff joined Grindr Xtra, Defendant failed to provide Plaintiff with a notice of Plaintiff's three day right to cancel which is in violation of California Civil Code sections 1694 *et seq*. (Id. ¶ 22.) Defendant's contract explicitly states that Plaintiff's subscription with Defendant would remain active until the end of Plaintiff's subscription period following Plaintiff's cancellation of the dating service contract. (Id. ¶ 23.) Beginning in October 2014, Plaintiff began having problems with his Grindr account. (Id. ¶ 24.) Sometime thereafter, Plaintiff expressed via e-mail his desire to cancel his account. (Id. ¶ 25.) Plaintiff claims that he expressed his desire to cancel his account by e-mail because Defendant did not designate an address for cancellation

---

[1] In the SAC, Plaintiff again refers to Grindr as an "online dating website." (Dkt. No. 33, SAC ¶ 13.) Grindr previously noted that the service at issue is a smartphone application, not an online dating website, which Plaintiff did not dispute. (Dkt. No. 36-1, Def.'s MTD at 2 n.1.) Plaintiff improperly continues to refer to Grindr as an "online dating website."

in the contract. (Id.) Defendant eventually cancelled Plaintiff's account after numerous e-mail exchanges. (Id. ¶ 26.) Upon cancellation of Plaintiff's contract with Defendant, Plaintiff was required to pay Plaintiff's subscription fee for that entire month despite the fact that a noncompliant dating service contract may be cancelled at any time. (Id. ¶ 27.) As a result of Defendant's violations, Defendant's contract for dating services was "void and unenforceable" pursuant to Cal. Civ. Code § 1694.4(a). (Id. ¶ 31.)

Plaintiff requested that Defendant refund the unused portion of Plaintiff's contract, but to date, Plaintiff has not been refunded any amount although more than ten days have passed. (Id. ¶¶ 28, 29.) Plaintiff asserts that the economic injury caused by Defendant not returning the unused portion of the contract was a direct result of Defendant's violation of the DSCA. (Id. ¶ 30.)

Defendant moves to dismiss pursuant to Rule 12(b)(6) based on Plaintiff's lack of statutory standing because he failed to allege an injury resulting from Defendant's violation of the DSCA. Defendant also moves to dismiss the UCL and FAL claims pursuant to Rules 12(b)(6) and 9(b) because Plaintiff failed to allege that he relied on Defendant's omissions. Lastly, Defendant moves to dismiss Plaintiff's FAL claims under Rules 12(b)(6) and 9(b) on the ground that Plaintiff failed to allege any advertisement statement.

**Discussion**

**A.     Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). The court evaluates lack of statutory standing under the Rule 12(b)(6) standard. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**B.     Legal Standard as to Federal Rule of Civil Procedure 9(b)**

Where a plaintiff alleges fraud in the complaint, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.

R. Civ. P. 9(b). A party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) (internal quotation marks omitted). Further, Rule 9(b) also applies to claims that are "grounded in fraud," alleging "a unified course of fraudulent conduct and [relying] entirely on that course of conduct as the basis of [the] claim." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Defendant argues that the SAC is ground in fraud and Plaintiff has failed to plead facts with particularity concerning the alleged fraudulent conduct on the UCL cause of action. Plaintiff does not dispute that he needs to meet the Rule 9(b) pleading requirement. However, the Court disagrees with Defendant and concludes that the allegations in the SAC are not based on fraud or a unified course of fraudulent conduct but are based on violations of the DSCA. The language used in the SAC such as "unlawful and deceptive business practices", (Dkt. No. 33, SAC ¶ 1), "false, deceptive and misleading", (id. ¶ 3), and "unlawful, unfair , and fraudulent conduct", (id. ¶ 33), are used to assert causes of action under the UCL and do not establish the claims are grounded in fraud.

**C. Statutory Standing**

Defendant moves to dismiss pursuant to Rule 12(b)(6) arguing that Plaintiff lacks statutory standing to file suit under the DSCA because he has not alleged an injury caused by the violation. Plaintiff argues he has adequately plead that he was injured due to Defendant's violation of the DSCA.

Non-constitutional standing exists when "a particular plaintiff has been granted a right to sue by the specific statute under which he or she brings suit." Cetacean Comm. v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004) (quoting City of Sausalito v. O'Neill, 386 F.3d 1186 1199 (9th Cir. 2004) ("this is a purely statutory inquiry")); see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 883 (1990) (in order to demonstrate statutory standing, plaintiff must "establish that the injury he complains of falls within

the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint."). A plaintiff's standing to sue is a threshold issue to be decided before the merits can be reached. Boorstein v. CBS Interactive, Inc., 222 Cal. App. 4th 456, 465 (2013). If a plaintiff fails to allege a cognizable injury resulting from a violation of a statute, the plaintiff lacks "statutory standing" to bring a claim. Id. at 467.

Section 1694 requires that a dating service contract must contain a three day right to cancel, and the name and address of the dating service operator to which the notice of cancellation is to be mailed. Cal. Civ. Code § 1694.2(b), (c). Any dating service contract that does not comply with section 1694 *et seq*. is "void and unenforceable." Id. § 1694.4. If a dating service contract is not in compliance with section 1694 *et seq*., the buyer may, at any time, cancel the contract. Cal. Civ. Code § 1694.2(e). "Cancellation occurs when the buyer gives written notice of cancellation by mail, telegram, or delivery to the seller at the address specified in the agreement or offer." Id. § 1694.2(b). "Notice of cancellation. . . , however expressed, is effective if it indicates the intention of the buyer not to be bound by the dating service contract." Id. § 1694.2(d). Then all "moneys paid pursuant to any contract for dating services shall be refunded within 10 days of receipt of the notice of cancellation." Id. § 1694.2(e). When a dating service violates the DSCA and a buyer cancels the contract, the dating service shall refund a pro rata portion of the services not received. See id. §§ 1694.2(e), 1694.4(d). "Any buyer injured by a violation of this chapter may bring an action for the recovery of damages in a court of competent jurisdiction." Id. § 1694.4(c)

In the Court's prior order on motion to dismiss, it concluded that Plaintiff separately alleged a violation of the statute and monetary injury but did not allege that the monetary injury resulted from a violation of the statute. (Dkt. No. 32 at 7.) Therefore, Plaintiff had not sufficiently alleged statutory standing. (Id.)

The SAC now alleges that Defendant's dating service contract did not include

a three day cancellation provision, and did not include the name and address to which the notice of cancellation is to be mailed. (Dkt. No. 33, SAC ¶¶ 20, 22.). Beginning in October 2014, Plaintiff began having problems with his account, and since the contract did not designate an address for cancellation, Plaintiff expressed his intent not to be bound by the contract by sending an email. (Id. ¶¶ 24, 25.) After numerous exchanges with Defendant's customer service representatives, Defendant eventually cancelled Plaintiff's account. (Id. ¶ 26.) Then, upon cancellation, Defendant did not return the pro rata portion of the subscription fee for the month of cancellation within the ten day period despite Plaintiff's request that Defendant return the funds. (Id. ¶¶ 27-29.) Plaintiff alleges that his economic injury of being deprived of the funds occurred as a direct result of Defendant's failure to comply with the DSCA. (Id. ¶ 30.)

Defendant continues to argue that Plaintiff fails to allege a cognizable injury that resulted from the violation. Specifically, it argues that Plaintiff merely parrots the text of the statute and fails to assert facts surrounding the cancellation of the contract, such as specific facts as to what the email stated, when the email was sent and what specific email address it was sent to. In response, Plaintiff argues he has sufficiently alleged a violation of the DSCA.

The Court concludes that Plaintiff has sufficiently alleged a violation of the DSCA. Defendant imposes on Plaintiff a more stringent requirement to allege more facts than are required under a Rule 12(b)(6) motion. The fact questions sought by Defendant can be procured through discovery. The SAC alleges that sometime after October 2014, Plaintiff had issues with his account and since the contract did not provide an address to send a notice of cancellation, he expressed his intent not to be bound by the contract by email.[2] (Dkt. No. 33, Compl. ¶¶ 24-25.) Since the contract was in violation of section 1694, Plaintiff could cancel the contract at any time. (Id. 21.) Eventually, when Defendant cancelled Plaintiff's account, Defendant failed to

---

[2] The parties do not dispute that an email notification constitutes a "written notice of cancellation" Cal. Civ. Code § 1694.2(b).

refund the pro rata funds for the unused portion of Plaintiff's contract with Defendant. (Id. ¶¶ 26, 28.) The Court concludes that Plaintiff has sufficiently alleged that his economic injury was a result of a violation of the statute and sufficient for the Court to draw a reasonable inference that Defendant is liable for the purported misconduct. See Iqbal, 556 U.S. at 678.

Based on the foregoing, Plaintiff has properly plead a cognizable injury resulting from a violation of the DSCA and has statutory standing to sue. Accordingly, the Court DENIES Defendant's motion to dismiss the first cause of action under the DSCA.

**D.  California Business & Profession Code section 17200 *et seq*.**

Defendant argues that when a UCL claim is based on deception, Plaintiff must plead reliance on all three prongs of the UCL in order to have standing. Plaintiff counters arguing that this is an omissions case, not an affirmative misrepresentation case; therefore, reliance is not required.[3] As discussed above, the Court disagrees with Defendant's argument that the UCL claim is based on fraud. The UCL claim is based on violations of the DSCA; therefore, Plaintiff does not need to plead reliance.

The SAC alleges violations of California Business & Professions Code sections 17200 *et seq*. ("UCL"). (Dkt. No. 33, SAC ¶¶ 32-45.) Under section 17200, "unfair competition" encompasses three "prongs": (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, and (3) a "fraudulent" business act or practice. Boschma v. Home Loan Ctr., Inc., 198 Cal. App. 4th 230, 252 (2011). In order to have standing under the UCL, as amended by Proposition 64, a plaintiff must establish that "they (1) suffered an injury in fact and (2) lost money or property as a result of unfair competition." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009) (citing Cal. Bus. & Prof. Code § 17204.)

For the same reasons set forth above on statutory standing, the Court concludes

---

[3]In support of his argument that reliance is not required, Plaintiff cites to a case that has been explicitly superseded by statute. Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 211 (1983).

that Plaintiff has sufficiently alleged an injury in fact as a result of Defendant's violation of the DSCA. Based on the foregoing, the Court DENIES Defendant's motion to dismiss Plaintiff's UCL Claim.

**E.     California Business & Profession Code section 17535 *et seq*.**

The SAC also alleges violations of California Business & Professions Code section 17535 *et seq*. (Dkt. No. 33, SAC ¶¶ 46-52.) Defendant asserts that Plaintiff still fails to allege any allegations as to the FAL cause of action. In opposition, Plaintiff states he does not oppose Defendant's arguments regarding the FAL claim. (Dkt. No. 38 at 1.) Accordingly, the Court GRANTS as unopposed Defendant's motion to dismiss the FAL claim with prejudice.

**Conclusion**

Based on the above, the Court DENIES Defendant's motion to dismiss as to the claims brought under California Civil Code section 1694 *et seq*. and California Business & Professions Code section 17200 *et seq*. The Court GRANTS Defendant's motion to dismiss the claim under California Business & Professions Code section 17535 *et seq*. with prejudice. The hearing set for April 29, 2016 shall be **vacated**.

IT IS SO ORDERED.

DATED: April 27, 2016

HON. GONZALO P. CURIEL
United States District Judge